■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUDLEY KUYAL, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for armed robbery, the only error assigned pertains to the victim's testimony on the People's direct case concerning her prior photographic identification of defendant. Because there was no objection to the testimony, the error was not preserved for our review (CPL 470.05, subd 2), and we see no basis for reaching the issue in the interests of justice. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — robbery, second degree.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY MICHAEL BIXBY, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, in accordance with memorandum and, as modified, affirmed. Memorandum: Defendant's prior criminal history is inconsequential and consists of two misdemeanors described by his probation officer as "a matter of poor judgment rather than flagrant violations of the law." His instant conviction which led to a sentence of probation was for a nonviolent crime involving no threat to human life. Under the circumstances, sentence of a definite term of one year is an appropriate penalty for defendant's violation of his probation. (Appeal from judgment of Steuben County Court, Purple, J. — violation of probation.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.

■ CLIFFORD STOWELL et al., Appellants, v CICERO CHEESE MANUFACTURING CORP. et al., Defendants, and GABRIEL ZACCARIA, Respondent. — Order unanimously reversed, with costs, and motion denied. Memorandum: Defendant Zaccaria's motion for summary judgment dismissing the third cause of action should not have been granted, since triable issues of fact exist regarding his liability under section 273 of the Debtor and Creditor Law. Defendant, as the moving party, has the burden to establish that the cause of action has no merit (CPLR 3212, subd [b]), and he has not demonstrated that the transfer of corporate assets to him was made for fair consideration. (Appeal from order of Supreme Court, Oswego County, Miller, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.